# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDEN JAIMES,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:14-cv-00489-GMN-NJK

**ORDER**

    Petitioner has paid the filing fee.  The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).  See also Nev. R. App. P. 4(b), 26(a).  Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  Section 2244(d) is subject to equitable tolling.

Holland v. Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Actual innocence can excuse operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Id. at 624.  The petitioner effectively files a federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a guilty plea in state district court, petitioner was convicted of one count of conspiracy to commit robbery and two counts of robbery with the use of a deadly weapon.  The judgment of conviction was entered on June 27, 2011.  Petitioner did not appeal, and the judgment of conviction became final on July 27, 2011.

Petitioner filed a motion to modify his sentence in state district court on April 9, 2013.  The state district court denied the motion, and petitioner appealed.  The Nevada Supreme Court affirmed on January 16, 2014.  The court takes judicial notice of the docket of the Nevada Supreme Court in Jaimes v. State, No. 63237.[1]  Remittitur issued on February 10, 2014.

Petitioner mailed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 to this court on March 27, 2014.

On its face, the petition is untimely.  No petition for post-conviction relief or other collateral review was pending in state court in the year after petitioner's judgment became final, and the one-year period of limitation expired at the end of July 27, 2012, almost two years before petitioner

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31420 (report generated August 27, 2014).

mailed his petition to this court.  Even if petitioner's sentence-modification motion was eligible for tolling pursuant to § 2244(d)(2), petitioner filed it on April 9, 2013, more than eight (8) months after the period of limitation had expired, and there was no time left to be tolled.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner needs to show cause why the court should not dismiss this action as untimely.

**IT IS THEREFORE ORDERED** that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 29th day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court